IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01624-BNB

JOSEPH ZEMBA,

    Petitioner,

v.

BLAKE DAVIS, Warden, USP Florence,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 04 2009

GREGORY C. LANGHAM
CLERK

---

ORDER CONSTRUING ACTION AS A PRISONER COMPLAINT
AND DIRECTING MR. ZEMBA TO FILE HIS CLAIMS
ON A COURT-APPROVED FORM

---

Petitioner, Joseph Zemba, is in the custody of the United States Bureau of Prisons (BOP) and currently is housed at the United States Penitentiary in Florence, Colorado. Mr. Zemba has filed a *pro se* pleading titled "Writ of Mandamus." In the Writ, Mr. Zemba asks this Court to transfer him to a medium-level BOP prison facility, or to a state facility, because his life is in jeopardy. (Pet. at 5-6.)

The Court must construe the Writ of Mandamus liberally because Mr. Zemba is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a pleading reasonably can be read "to state a valid claim on which the [petitioner] could prevail, [a court] should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *Id*.

Pursuant to 28 U.S.C. § 1361, a federal district court has jurisdiction over a mandamus action "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [petitioner]." "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a [petitioner] only if he has exhausted all other avenues of relief and only if the [respondent] owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." ***Allied Chemical Corp. v. Daiflon, Inc.***, 449 U.S. 33, 34 (1980) (per curiam) (citations omitted). To grant mandamus relief the Court must find that Mr. Zemba has a clear right to the relief sought, that Respondent has a plainly defined and peremptory duty to perform the action in question, and that no other adequate remedy is available. *See Wilder v. Prokop*, 846 F.2d 613, 620 (10th Cir. 1988).

The extraordinary remedy of mandamus is not appropriate in this action. Mr. Zemba fails to demonstrate that he has a clear right to the relief he seeks, that Respondent has a duty to perform the act in question, and that no other adequate remedy is available.

Nonetheless, because Mr. Zemba is challenging the conditions of his confinement, and because a federal prisoner's challenge to his conditions of confinement is cognizable under ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), the Court will construe the Application liberally as asserting civil rights claims pursuant to *Bivens* and direct Mr. Zemba to file his claim on a Court-approved form used in filing *Bivens* actions in this Court. Accordingly, it is

2

ORDERED that the action is construed as a civil rights action filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), rather than a Writ of Mandamus filed pursuant to 28 U.S.C. § 1361. It is

FURTHER ORDERED that the Clerk of the Court shall edit the docket in the instant filing to reflect the proper nature of the action. It is

FURTHER ORDERED that **within thirty days from the date of this Order** Mr. Zemba shall complete and file a Prisoner Complaint with the Court. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Zemba two copies of the current Court-approved Prisoner Complaint form. It is

FURTHER ORDERED that if Mr. Zemba fails to comply with this Order **within thirty days from the date of this Order**, the action will be dismissed without further notice. It is

FURTHER ORDERED that the Court will not review the merits of Mr. Zemba's claims until he has complied with this Order.

DATED August 4, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01624-BNB

Joseph Zemba
Reg No. 07109-068
US Penitentiary Florence
P.O. Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 8/4/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk